## PHILLIPS v. CITIZENS' GASLIGHT CO.

(Supreme Court, General Term, Second Department.   February 13, 1893.)

APPEAL—OBJECTION NOT RAISED BELOW.
 In an action to recover for services rendered, plaintiff gave evidence of a
 custom to pay a certain sum for such services, but there was no other evi-
 dence as to the amount which plaintiff was entitled to recover.   The court
 charged that the recovery must be restricted to the "reasonable value" of the
 services.   Held, that an objection that there was no evidence of such "reason-
 able value" would not be considered, when raised for the first time on appeal.

Appeal from circuit court, Kings county.

Action by Alfred B. Phillips against the Citizens' Gaslight Company
of Brooklyn to recover for services rendered defendant in procuring the
adjustment of a loss caused by fire.   From a judgment entered on a ver-
dict in favor of plaintiff, and from an order denying a motion for a new
trial, defendant appeals.   Affirmed.

Argued before BARNARD, P. J, and PRATT, J.

Moore & Wallace, (Thomas S. Moore, of counsel,) for appellant.
Walter R. Beach, for respondent.

PRATT, J.   The evidence established that the plaintiff was em-
ployed by, and rendered service to, the defendant, in procuring the ad-
justment of a loss.   The only question as to which there can be any

doubt is as to the amount of compensation to which plaintiff is entitled. In respect to that question defendant has no ground of complaint. After various witnesses had testified to a custom by which plaintiff would be entitled to 5 per cent. upon the loss, as adjusted, the court refused to hear further evidence on that subject, and charged the jury that the recovery must be restricted to the reasonable value of the services. Defendant now claims that no proof was given of the "reasonable value" of the services, and that the verdict must be set aside for that reason. Had that point been raised at the close of the testimony, it cannot be doubted that the omission to show, in express terms, the "reasonable value," would have been obviated. It is plain that both court and counsel considered that proof of a custom to pay 5 per cent. was evidence which the jury might consider upon the question of "reasonable value." In this we find no error, and the verdict must be affirmed, with costs.